UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re:<br><br>R & S ST. ROSE, LLC,<br><br>         Debtor<br><br>COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>         Appellant(s),<br><br> v.<br><br>R & S ST. ROSE, LLC,<br><br>         Appellee (s). | BK-S-11-14974—mkn<br>Appeal 14-51<br><br>Chapter 11<br><br><br>Case No. 2:14-CV-1399 JCM |

   Presently before the court is the bankruptcy appeal of *Commonwealth Land Title Insurance Company v. R&S St. Rose, LLC, et al.*, case number 2:14-cv-01399-JCM.

   The notice of appeal was filed in this case on August 27, 2014. (Doc. # 1). On August 28, 2014, the court ordered that the designation of reporters and recorders transcripts should be filed with the clerk of bankruptcy court so the certificate of record on appeal could be timely transmitted to the district court. (Doc. # 2).

   The Federal Rules of Bankruptcy Procedure provide each party fourteen days after the notice of appeal becomes effective to designate issues to be included in the appeal. *See* Fed. R. Bankr. P. 8009 (formerly Fed. R. Bankr. P. 8006). Federal Rule of Bankruptcy Procedure 8010 then allows the bankruptcy court clerk thirty days to prepare and transmit the record to the district

**James C. Mahan**
**U.S. District Judge**

court, or file a notice indicating that the record cannot be assembled by that time. Fed R. Bankr. P. 8010.

To date, the court has not received the certificate of bankruptcy record on appeal. The court will give the parties through April 21, 2015, to comply with the applicable rules.

Failure to comply with this order will result in the dismissal of the instant appeal with prejudice. *See* Fed. R. Civ. P. 41(b); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (holding that district court did not err in dismissing complaint for failure to comply with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *In re Ball*, No. CV-05-4015-PHX-DGC, 2006 WL 1328799, at *1 (D. Ariz. May 12, 2006) (warning appellant that failure to prosecute bankruptcy appeal or comply with rules and court order may result in dismissal with prejudice); *see also* D. Nev. R. 8070 (providing that an appeal may be dismissed for nonprosecution, by the court on its own motion after notice to the parties, when an appellant fails to comply with applicable rules or timely file the excerpts and designation of record).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that appellant shall file its designation of record and statement of the issues with the clerk of the bankruptcy court by April 21, 2015.

IT IS FURTHER ORDERED that appellant shall file documentation with this court demonstrating compliance with the above order and addressing the status of the record on appeal by the same date.

DATED April 14, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**