UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re:<br><br>R & S ST. ROSE, LLC,<br><br>                            Debtor<br><br>COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>                          Appellant(s),<br><br>    v.<br><br>R & S ST. ROSE, LLC,<br><br>                          Appellee (s). | BK-S-11-14974—mkn<br>Appeal 14-51<br><br>Chapter 11<br><br><br>Case No. 2:14-CV-1399 JCM |

Presently before the court is appellant Commonwealth Land Title Insurance Company's ("appellant") motion to set aside dismissal of appeal. (Doc. # 7). Appellee R&S St. Rose, LLC ("appellee") filed a response, (doc. # 8), and appellant filed a reply, (doc. # 10).

**I.  Background**

The instant case involves an appeal from bankruptcy court. On August 27, 2014, appellant filed its notice of appeal. (Doc. # 1). On August 28, 2014, the court ordered that the designation of reporters and recorders transcripts should be filed with the clerk of bankruptcy court so the certificate of record on appeal could be timely transmitted to the district court. (Doc. # 2).

As of April 14, 2015, the court had not received the certificate of bankruptcy record on appeal. Therefore, the court ordered appellant to file its designation of record and statement of the issues with the clerk of the bankruptcy court by April 21, 2015. (Doc. # 3).

The court further ordered appellant to file documentation with this court demonstrating compliance and addressing the status of the record on appeal, by the same date. The court noted that failure to comply with the order would result in dismissal of the instant appeal with prejudice. (Doc. # 3).

Appellant did not respond to the court's order. Accordingly, on April 28, 2015, the court dismissed the appeal with prejudice. (Doc. # 4). On May 1, 2015, appellant filed the instant motion.

**II.    Legal Standard**

The Federal Rules of Civil Procedure apply in bankruptcy appeals to the extent provided by the Federal Rules of Bankruptcy Procedure. Fed. R. Civ. P. 81(a)(2). Federal Rule of Civil Procedure 60 applies to motions for relief from a judgment or order in bankruptcy cases. Fed. R. Bankr. P. 9024.[1]

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b).

**III.    Discussion**

In its motion, appellant argues that the court should set aside its order and allow appellant to proceed with the instant bankruptcy appeal. Appellant contends that confusion regarding multiple appeals arising out of this bankruptcy case and another related case caused a delay in transmission of the record. (Doc. # 7). Appellant appears to be claiming excusable neglect.

Appellant represents that it diligently and repeatedly inquired with the court reporter in the bankruptcy case, Cline Transcription Services ("Cline"), regarding the status of the transcript. However, appellant notes that on the date of filing of the instant motion, it learned that Cline's

---

[1] In support of its motion, appellant cites Federal Rule of Appellate Procedure 27(b). The Federal Rules of Appellate Procedure govern proceedings in the United States courts of appeals, and are not applicable to cases before this court. *See* Fed. R. App. P. 1(a)(1). The court construes appellant's motion as one for relief from judgment. Accordingly, the court will apply the legal standard cited above in reviewing the instant motion.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 principal recently passed away.  Appellant asserts that this has caused difficulty in accessing
2 Cline's records and transcripts.  (Doc. # 7).

3 Appellant states that it failed to comply with the court's April 14, 2015, order because it
4 did not receive it.  Appellant alleges that its counsel was not notified of the order through the
5 court's CM/ECF system, despite proper registration with that system.  Appellant asserts that while
6 the order was also mailed to appellant's counsel, counsel again did not receive it because counsel
7 had failed to update its address with the district court.  (Doc. # 7).

8 Appellant argues that if it had known about the court's order, it would have promptly
9 responded with the requested information.  Appellant notes that it filed its designation of record
10 and statement of the issues on appeal with the bankruptcy court on September 9, 2014.  Appellant
11 further states that it filed the instant motion immediately after learning of the court's order.  (Doc.
12 # 7).

13 Appellee opposes appellant's request, arguing that it "has been prejudiced by the delayed
14 time and additional expenses caused by [appellant's] failure to timely prosecute this Appeal."
15 Appellee contends that appellant designated two hearing transcripts, from October and July, for its
16 appeal but failed to timely file the July transcript with the bankruptcy court.  (Doc. # 8).

17 Appellee states that on October 28, 2014, the bankruptcy court filed a status report
18 indicating that the record on appeal had not been forwarded to the district court because the
19 bankruptcy court had not received the July transcript.  Appellee notes that appellant failed to
20 respond to the bankruptcy court's status report.  Appellant did not file the July transcript with the
21 bankruptcy court until May 4, 2015, after the court's dismissal of this appeal.  (Doc. # 8).

22 Having considered the parties' arguments, the court will deny appellant's motion to set
23 aside dismissal of the instant appeal.  The court ordered appellant to file the relevant transcripts
24 with the bankruptcy court ten months ago.  (Doc. # 2).  Two months later, the bankruptcy court
25 indicated that it had not received the July transcript.  Appellant fails to provide evidence that it
26 filed anything with this court or the bankruptcy court notifying anyone of its difficulty obtaining
27 the transcript.

28

**James C. Mahan**
**U.S. District Judge**

Appellant did not file the July transcript with the bankruptcy court, and did not indicate that it was having any difficulty obtaining the transcript, until this court had dismissed the instant appeal. Appellant had ample opportunity to seek an extension of time or file a notice with the court before the case was dismissed. The court will not excuse appellant's procedural missteps and failure to timely prosecute its appeal.

Further, appellant's counsel failed to file a notice of change of address as required by the local rules. *See* D. Nev. R. 5005(d). The court finds that dismissal was appropriate in light of appellant's failure to comply with the court's orders and the procedural rules applicable to this case. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (holding that district court did not err in dismissing complaint for failure to comply with local rule); D. Nev. R. 8070 (allowing dismissal of an appeal for nonprosecution, by the court on its own motion after notice to the parties, when an appellant fails to comply with applicable rules or timely file the excerpts and designation of record).

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that appellant Commonwealth Title Land Insurance Company's motion to set aside dismissal of appeal, (doc. # 7), be, and the same hereby is, DENIED.

DATED June 24, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -